940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mack Neal JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2124.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mack Neal Johnson, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Johnson was convicted for the offense of "felon in possession of a firearm." Johnson was sentenced to fifty-one (51) months imprisonment. Prior to the commencement of his trial, Johnson filed a motion to suppress illegally seized evidence (a pistol). After holding a suppression hearing, the district court denied Johnson's motion to suppress, finding that there was no illegal search and seizure which violated his fourth amendment rights.
 
 
 3
 Following his conviction, Johnson filed a direct appeal challenging the validity of the government's amended indictment and the sufficiency of the evidence used to convict him. This court affirmed the district court's order in an unpublished opinion. (Case No. 89-1570).
 
 
 4
 Johnson then filed a motion to vacate his sentence, alleging that his conviction was based on an illegal search and seizure and unlawful arrest. The district court denied Johnson's motion because the search and seizure issue was frivolous and because Johnson failed to raise the issue in his direct criminal appeal.
 
 
 5
 On appeal, Johnson asserts that his search and seizure claim was not raised on direct appeal due to ineffective assistance of counsel.
 
 
 6
 Upon consideration, we affirm the district court's judgment. A Sec. 2255 proceeding is not a substitute for a direct appeal. See United States v. Addonizio, 442 U.S. 178, 184 (1979). If any issue could have been raised on direct appeal, the failure to raise it therein precludes review in a Sec. 2255 proceeding unless the petitioner can show cause for the procedural default and actual prejudice resulting from the errors of which petitioner complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Attorney error may constitute cause if the error amounts to ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 7
 Upon a careful review of the case, we conclude that Johnson has not shown that his counsel's performance was deficient or that the allegedly deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Hence, Johnson has waived review of his illegal search and seizure claim as he has not established cause and prejudice to excuse his failure to present this claim on direct appeal.
 
 
 8
 Accordingly, the district court's judgment denying Johnson's motion to vacate his sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.